**CLD-241**                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1932
_____

UNITED STATES OF AMERICA

v.

TOYE TUTIS, a/k/a "AHMAD", a/k/a "MAHD", a/k/a "SANTANA",
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. Action No. 1-14-cr-00699-001)
District Judge:  Honorable Renée Marie Bumb

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 5, 2021

Before: RESTREPO, MATEY and SCIRICA, Circuit Judges

(Opinion filed: August 9, 2021)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Toye Tutis appeals from the District Court's denial of various post-conviction motions. For the following reasons, we will affirm.

In 2016, Tutis pleaded guilty to drug trafficking conspiracy and money laundering conspiracy charges. As part of the plea agreement, Tutis agreed to forfeit numerous properties. He was sentenced to 264 months of imprisonment.[1] While his appeal from the judgment of conviction was pending, Tutis filed numerous motions in the District Court seeking various forms of relief. As relevant here, he filed a motion to prohibit the sale of the forfeited properties "until the matter is resolved on direct appeal." (ECF 616, at 9.) Next, he filed a motion asking the District Court to rule on his pending motion for a new trial. (ECF 655.) Later, Tutis filed a timely motion to reconsider an order denying his request for recusal of Judge Bumb. (ECF 687.) After we affirmed Tutis's conviction, see United States v. Tutis, 845 F. App'x 122 (3d Cir. 2021) (not precedential), the District Court rejected his post-conviction motions. (ECF 774 & 775.) Tutis appealed.[2]

The District Court properly concluded that our decision affirming Tutis' conviction rendered moot his motion to prohibit the sale of forfeited property until the resolution of his direct appeal. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that

_____

[1] After Tutis was sentenced, the case was reassigned to Judge Bumb.

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291, and may summarily affirm a District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

2

eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). There was also no error in the District Court's rejection of Tutis' request for a ruling on his motion for a new trial. When Tutis filed his request for a ruling, the motion for a new trial had been pending for approximately three months. The District Court rejected the request, explaining that it would issue a ruling "in due time." Cf. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) (holding that management of its docket is "committed to the sound discretion of" the District Court).

Finally, we conclude that the District Court did not abuse its discretion in denying Tutis' motion for recusal and his motion for reconsideration of that order. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000); Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003). In his motion for recusal, Tutis alleged that Judge Bumb refused to issue rulings on his motions, "ignor[ed] rulings and orders … of her predecessor" that prohibited the sale of the forfeited property before adjudication of his direct appeal, and engaged in ex parte communications with the Assistant United States Attorney. (ECF 670). Judge Bumb explained that she had not had ex parte communications with the Assistant United States Attorney. (ECF 676, at 2.) And Tutis' displeasure with Judge Bumb's rulings is not an adequate basis for recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994). Under these circumstances, we conclude that a reasonable person would not question Judge Bumb's impartiality. See 28 U.S.C. § 455.

3

Furthermore, there is no merit to the claim, raised in Tutis' motion for reconsideration, that recusal was warranted based on comments made by Judge Bumb when sentencing his co-defendant and wife, Jazmin Vega. During that sentencing hearing, Judge Bumb used the phrase "hitting the delete button" in reference to Vega's need to remove Tutis from her life, indicated that Tutis was "no good for" Vega, and alluded to the "evilness" of Tutis' actions toward Vega. But those comments largely reflected arguments made by Vega's attorney, who tried to portray Vega as having been manipulated by Tutis. Indeed, as the District Court explained, the comments about Tutis at Vega's sentencing hearing were not intended to "characterize [Tutis] on the whole." (ECF 774, at 9.) Rather, the comments focused on Tutis' "actions toward Vega." (Id.) We agree that recusal was not warranted under these circumstances. See Liteky, 510 U.S. at 555 (stating that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible"); see also United States v. Monaco, 852 F.2d 1143, 1147 (9th Cir. 1988) ("knowledge obtained from judicial proceedings involving a codefendant does not require recusal").

For the foregoing reasons, we will summarily affirm the District Court's judgment.